Jones, J.
The provisions of the statute applicable to the filing of a motion for a new trial are as follows (Section 11578, General Code): “The application must be made within three days after the verdict or decision is rendered.”
It is evident from an examination of the entries of the lower courts that those courts entertained the view that the motion for a new trial filed April 29, 1919, was filed too late within the purview of the quoted section, although filed on the same day that the journal entry was prepared and submitted to the court and on the same day the clerk received and filed it. It is also evident that the lower courts held that the oral pronouncement of a decision by the trial judge upon the issues made it incumbent upon the defeated party to file his motion for a new trial within three days after such pronouncement. From an inspection of the entry of the common pleas court it is evident that that court regarded the word “decision,” found in Section 11578, General Code, as synonymous with “judgment;” for the entry recites that “the court on said day rendered judgment orally in favor of the plaintiff.”
The concession made by the court in its journal entry that its decision was a judgment is undoubtedly correct and has been heretofore approved by this court. It was so treated by Spear, Judge, in Buckeye Pipe Line Co. v. Fee, 62 Ohio St., 543, 555, where the same words were construed in connection with an application for a new trial. There the code (Section 5305, Revised Statutes, now Section 11576, General Code) required that the motion should state that the decision was not sustained by *14 sufficient evidence; however, the motion stated that the judgment was not sustained by sufficient evidence, and in construing that section the learned judge said: “What is a decision as here expressed ? * * * It would seem that the act called here a decision is intended to embrace the last act of the court; in other words, the judgment. * * * It is true that in an abstract sense there is a shadow of difference between the import of the word ‘decision’ and the word ‘judgment.’ As expressed by Abbott (Law Diet., 351), ‘the decision is the resolution of the principles which determine the controversy; the judgment is the formal paper applying them to the rights of the parties.’ ”
These terms were also used synonymously in the syllabus of State, ex rel. Faber, Recr., v. Jones et al., Judges, 95 Ohio St., 357. Therefore, if the decision be a judgment, must the application for a new trial be filed within three days after its oral pronouncement ? Section 11604, General Code, provides that “All judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action.”
Section 11607, General Code, provides that “The record shall be made up from the petition, the process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court.”
By Section 2874, General Code, it is made the duty of the clerk to endorse each pleading and order filed in his office, the time of filing, and to enter all judgments and proceedings of the courts of which he is by law the clerk.
*15 Construing Section 11604, General Code, which requires all judgments to be entered on the journals of the court, in Coe v. Erb et al., 59 Ohio St., 259, Spear, C. J., again said, at page 263: “Why this requirement if the judgment is to be regarded as in full force and effect for all purposes by the mere announcement of it from the bench ?”
It is a familiar rule that the court speaks only through its journals. Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided. Not only would the features of the decision be left in doubt as between the parties to the suit, but as a Its pendens it might seriously affect the rights of others who had not been made parties thereto. The statutes we are now construing are remedial, and by the provisions of Section 10214, General Code, all proceedings under these statutes “shall be liberally construed, in order to promote its [their] object, and assist the parties in obtaining justice.”
What is meant by the word “decision” found in Section 11578, General Code? Is it the oral pronouncement of the judge, made from the bench, or is it rather the more deliberate decision of the court speaking through its journal entry? How can it be said that these remedial statutes are liberally construed in. the interest of substantial justice if the parties to the suit are relegated, for information, not to the entries made by the court, but to an oral decision made at the caprice of the judge and possibly in the absence and without the knowledge of counsel in the case ?
*16 Let us take the present case as a concrete example. The record in this case discloses that, while an oral decision upon the issues involved was pronounced on April 21, 1919, no attorney fee was fixed as a charge against the defeated defendant until April 29, 1919, when the motion for a new trial was filed. Section 11604, General Code, provides that all judgments must specify clearly the relief granted or order made in the action. This section is for the ■purpose of enabling the defeated party in his motion for a new trial to choose his points of attack. In this particular case he may have been entirely satisfied with the award of damages against him and have confined himself solely to an attack upon the counsel fee which the court awarded in its entry of April 29, 1919. We have exactly that situation in another case now pending in this court. If the construction contended for were given to the word “decision,” as meaning one orally pronounced, it might necessitate, not only a motion for a new trial within three days after the oral pronouncement on the main issues, but another motion for a new trial filed within three days after the fixing of the attorney fee in the journal entry. Such construction would evolve a reductio ad absurdum. It might be added that the procedure regulating motions for new trial adopted by the lower courts would tend to hopeless confusion. When questions of fact are tried by the court, the code requires that the court shall state in writing its conclusions of fact separately from its conclusions of law. This requires a journal entry by the court, not a pronouncement by the judge, and it is not until after these findings and conclusions *17 are stated in writing that counsel should be required to file a motion for a new trial. It is a matter of common knowledge that opposite counsel are often disagreed as to the features of an oral decision, and it is not until such decision has been reduced to writing that such disagreements are composed. Then for the first time is the situation so clarified as to enable the defeated party to state his specific grounds for a new trial, as required by the code.
The necessity of construing these remedial statutes in the interests of justice to all parties in litigation is shown by their practical operation in the various courts of appeals in this state. Frequently cases are decided upon the circuit and decisions announced while the court is absent from the county wherein the judgment is to be entered. If a strict construction should apply, these applications for a new trial would of necessity have to be made within three days from the time of announcement of the decision, although the journal entry may not have been received and filed by the clerk until some time afterwards. And it would often require counsel of the defeated party to file his motion for a new trial without adequate information as to the nature of the judgment. The right of the court to make nunc pro tunc entries is not curtailed. This right is available, however, in the furtherance of justice only, Charles v. Fawley et al., 71 Ohio St., 50, but is not available where “it would operate to deprive a party of a substantial right.” Eldridge & Higgins Co. v. Barrere, 74 Ohio St., 389, 395.
We have no hesitation in holding that a motion *18 for a new trial filed within three days after the receipt and filing of the judgment entry by the clerk was in time, and within the purview of Section 11578, General Code: The judgments of the common pleas and court of appeals are reversed and the case remanded to the former with instruction to pass upon the motion for a new trial filed on April 29, 1919.

Judgments reversed.

Marshall, C. J., Johnson, Wanamaker and Robinson, JJ., concur.
Hough and Matthias, JJ., dissent.